UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

CHRISTOPHER ANTHONY JOHNSON,
          Defendant.

Criminal No.  06-164M-01 (AK)

## DETENTION MEMORANDUM

The Defendant, Christopher Anthony Johnson, has been charged by criminal complaint with bank robbery in violation of 18 U.S.C. § 2113(a). The government requested a detention hearing, which was held on May 9, 2006. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, Special Agent Daniel K. Bremer with the FBI testified for the government. On April 1, 2006, a man entered the SunTrust Bank at 410 Rhode Island Avenue, NE, Washington D.C. and approached teller window #3. The teller requested a withdrawal slip and Defendant's Social Security Number. Because there was no account associated with this number,

the teller asked for Defendant's driver's license. He produced and gave to the teller a work photo identification that gave his name as Christopher Johnson. When the teller asked for additional identification, the Defendant produced a Maryland commercial driver's license bearing the name Christopher Johnson and also gave the teller a handwritten note on an ATM receipt with Defendant's bank account number on it. The note was a demand, reading "Give me $500 or I'll shoot the lady next to me and give me my license back. Don't make any sudden moves." The teller gave the Defendant five $100 bills and his license, after which Defendant left the bank and entered a waiting taxicab.

The man who robbed the bank was described as a large black male in his mid-thirties with dark skin and a goatee and wearing a black T-shirt. When Agent Bremer reviewed still photographs from the surveillance video, the images matched this description. On April 5, 2006 the bank teller was shown a nine-picture color photo array of men matching the description of the bank robber. According to Agent Bremer, the bank teller viewed the array and identified the Defendant as the man who had robbed the bank.

## Discussion

Having heard the testimony at the May 9, 2006 hearing, the Court found that there is probable cause to believe that the Defendant committed bank robbery in violation of 18 U.S.C. § 2113(a). Where, as here, there is probable cause to believe that a Defendant committed a crime of violence, the government may seek pretrial detention on the basis that the Defendant poses a risk of flight or an unreasonable risk of danger to the community. 18 U.S.C. § 3142(f)(1)(A).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.* (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds that "no condition or combination of conditions will

reasonably assure the appearance of the person . . . [or] the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987); *United States v. Perry*, 788 F.2d 100, 113 (3d Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court or assure the safety of any other person and the community, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. *See* 18 U.S.C. § 3142(g). In this case, the government seeks detention on both grounds, that the Defendant presents a flight risk and would pose a danger to the community if released.

The first factor, the nature and circumstances of the offense, favors detention. The Defendant is charged with unlawfully, knowingly and intentionally robbing a bank, by force and violence and by intimidation. Bank robbery is a crime of violence. Thus, the charges are most serious.

The second factor, the weight of the evidence, strongly supports detention. Defendant's bank account number was printed on the ATM receipt, on which the demand was written. In addition, the commercial driver's license, which was handed to the teller with this demand note, bore the name Christopher Johnson. The physical description of the bank robber and the images from the surveillance video still photographs also match the Defendant's physical characteristics.

The third factor, the history and characteristics of the Defendant, also favors detention. The Defendant has a prior conviction for first degree theft, which involved stealing firearms. He was also convicted of violating the Bail Reform Act and escaping from a halfway house where he was residing. Defendant has previously tested positive for crack-cocaine and failed to report for multiple testing appointments. Defendant has a wife, who lives in Maryland, but she has indicated that he is not welcome back in her home. Further, Defendant has no stable address. He has lived with a friend in Maryland for the last few weeks, but was unable to provide a complete address. His references were unable to verify his address information. Defendant's work history is also unstable, and he has only worked for his current employer for one month. Given these circumstances and Defendant's prior escape from an institution, the Court finds that no condition or combination of conditions would assure his appearance at future court proceedings.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, supports detention, as well. As stated previously, the Defendant is charged with bank robbery, which is a serious offense and designated as a crime of violence. Further, the Court believes that because of Defendant's history of criminal and drug problems, he would pose a serious danger to others if released.

**Conclusion**

Based upon consideration of all the evidence and the factors set forth in § 3142(g), this Court concludes that the evidence clearly and convincingly establishes that the Defendant's pretrial release would constitute an unreasonable risk of danger to the community. The Court also finds by a preponderance of the evidence that no condition or combination of conditions can be imposed to assure the Defendant's appearance at future court proceedings. Therefore, the government's motion

for pretrial detention is granted.



Dated: May _11th_, 2006          ___/s/_____
                                          ALAN KAY
                                          UNITED STATES MAGISTRATE JUDGE